**United States District Court**
For the Northern District of California

1
2
3
4
5                     UNITED STATES DISTRICT COURT
6                    NORTHERN DISTRICT OF CALIFORNIA
7
8    THE BOARD OF TRUSTEES OF THE              No. C-09-5138 EMC
     SHEET METAL WORKERS HEALTH
9    CARE PLAN OF NORTHERN
     CALIFORNIA, *et al.*,                     **REPORT AND RECOMMENDATION**
10                                             **RE PLAINTIFFS' MOTION FOR**
                  Plaintiffs,                  **DEFAULT JUDGMENT**
11
          v.                                   **(Docket Nos. 19, 39**)
12
     JOSE RODNEY VIGIL,
13
                  Defendant.
14
     _____/
15
16
17        Plaintiffs are (1) the Board of Trustees for the Sheet Metal Workers Health Care Plan of

18   Northern California, the Sheet Metal Workers Pension Trust of Northern California, and the Sheet

19   Metal Workers Local 104 Vacation Holiday Savings Plan (collectively, "Trust Funds") and (2)

20   Anthony Asher, trustee for the Trust Funds.  The Trust Funds are employee benefit plans and

21   multiemployer plans.  Plaintiffs filed suit, on behalf of the Trust Funds, against Defendant Jose

22   Rodney Vigil, individually and doing business as Vigil Mechanical, pursuant to the Employee

23   Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. 1132, and the National Labor Relations

24   Act ("NLRA").  *See id.* § 185.

25        After Mr. Vigil failed to respond to Plaintiffs' complaint, a default was entered on January

26   13, 2010.  *See* Docket No. 7 (notice of entry of default).  Plaintiffs then filed the currently pending

27   motion for default judgment.  Mr. Vigil failed to file an opposition to the motion; moreover, he did

28   not make an appearance at the hearing on the motion, held on October 13, 2010.

1    Having considered the papers filed and accompanying submissions, as well as all other

2  evidence of record, the Court hereby recommends that Plaintiffs' motion be **GRANTED**.

3                        **I.    FACTUAL & PROCEDURAL BACKGROUND**

4    Plaintiffs filed suit against Buildex on October 29, 2009.  *See* Docket No. 1 (complaint).  In

5  their complaint, Plaintiffs allege that the Trust Funds are employee benefit plans and multiemployer

6  plans within the meaning of ERISA.  *See* Compl. ¶ 2.  In support of the motion for default judgment,

7  Plaintiffs have provided evidence to establish the following.

8    In March 2005, Mr. Vigil entered into several agreements with a local union.[1]  *See* Van

9  Buskirk Decl., Ex. 1 (Memorandum of Understanding, Affirmation Agreement, and (First) Standard

10 Form of Union Agreement[2]).  Through the agreements, Mr. Vigil agreed to be bound by the terms

11 and conditions of the Standard Form of Union Agreement, in effect through June 30, 2006.  *See id.*,

12 Ex. 1 (Memorandum of Understanding and Affirmation Agreement).  It is not clear from the

13 language of the agreements whether Mr. Vigil agreed to be bound by future Standard Form of Union

14 Agreements or only that in effect through June 30, 2006.

15    Thereafter, a new Standard Form of Union Agreement was put into effect for the period July

16 1, 2006, through June 30, 2010.  *See id.*, Ex. 1 ((Second) Standard Form of Union Agreement).  Mr.

17 Vigil was not a direct party to that agreement.  Nor does it appear that he signed another agreement,

18 in which he expressly agreed to be bound by the new Standard Form of Union Agreement, effective

19 for the above-referenced period.  However, Mr. Vigil signed a memorandum of understanding to be

20 bound by the Standard Form of Union Agreement.  (Decl. of Van Buskirk ISO Mot. for Default

21 Judgment, Ex. 1, pp. 1-2).  That agreement contains a year to year "evergreen clause" which states

22 the agreement will continue in force and effect from year to year unless terminated by written notice.

23 (Document entitled "Master Agreement 7/1/94 - 6/31/99," Article XIV, Section 1, (Ex. 1 to Van

24 Buskirk Decl.)).  *See Central States Pension Fund v. Gerber Truck*, 854 F.2d 1074, 1079 (7th Cir.

25 _____

26    [1] The agreements were signed by Mr. Vigil as "sole owner" of Vigil Mechanical.

27    [2] Exhibit 1 of the Van Buskirk declaration contains two Standard Form of Union
   Agreements.  For purposes of convenience, the Court refers to the earlier agreement as the "(First)
   Standard Form of Union Agreement" and the later agreement as the "(Second) Standard of Form
28 Union Agreement" or the new Standard of Form Union Agreement.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  1988), *Irwin v. Carpenters Health & Welfare Trust Fund*, 745 F.2d 553 (9th Cir. 1984).  Section 4

2  contains a provision that binds Mr. Vigil to negotiations for a new contract (*Id.*).  *See* Supplemental

3  Decl. of Van Buskirk, ¶¶ 2-3.  Moreover, Mr. Vigil has evidenced his adherence to the new

4  agreement "by adhering to its terms and conditions, including the payment of trust fund

5  contributions to [P]laintiffs."  *Id.* at ¶ 4.  *See Arizona Laborers, etc. v. Conquer Cartage Co.*, 753

6  F.2d 1512, 1519 (9th Cir. 1985).

7         Under the new Standard Form of Union Agreement, an employer is obligated to make

8  contributions to the Trust Funds for each hour worked by each employee covered by the agreement.

9  *See id.*, Ex. 1 ((Second) Standard Form of Union Agreement, Add. No. 1, Item 4, Section B).  If the

10  contributions are not made by the twentieth day of the month in which the contributions are due,

11  then an employer is

12         assessed an amount equal to: (1) the liquidated damages provided in
             each applicable Trust Agreement(s); or (b) if no liquidated damages
13         provision exists in the applicable Trust Agreement(s) or no Trust
             Agreement exists for the Fund, the greater of ten percent (10%) or the
14         delinquent contributions or twenty five dollars ($25.00) per Fund as
             liquidated damages resulting from the delinquency.
15

16  *Id.*, Ex. 1 ((Second) Standard Form of Union Agreement, Add. No. 1, Item 4, Section B).  In

17  addition, the employer is obligated to "pay all reasonable costs incurred by [the union] and the Trust

18  Funds in connection with collection of the delinquency, including, but not limited to, court costs and

19  reasonable attorney fees."  *Id.*, Ex. 1 ((Second) Standard Form of Union Agreement, Add. No. 1,

20  Item 5, Section B).

21         Under the new Standard Form of Union Agreement, an employer also agrees to be bound by

22  the terms and conditions of the Trust Agreements for the Trust Funds at issue.  *See, e.g.*, *id.*, Ex. 1

23  ((Second) Standard Form of Union Agreement, Add. No. 1, Item 5, Section F).  The Trust

24  Agreements provide in relevant part that liquidated damages shall be "the sum of $20.00 per

25  delinquency or ten per cent (10%) of the amount which is delinquent, whichever is greater."  *See,*

26  *e.g.*, Maraia Decl., Ex. 2 (Trust Agreement for Pension Trust Fund § III.C).  The Trust Agreements

27  further provide that "both the contribution and the liquidated damages attributable thereto shall bear

28  interest at a rate to be determined from time to time by resolution of the Board and published to

United States District Court

For the Northern District of California

1  Contributing Employers beginning with the first day of the month following the Due Date." *Id.*, Ex.

2  2 (Trust Agreement for Pension Trust Fund § III.C).  Finally, the Trust Agreements – like the

3  Standard Form of Union Agreement – contain an attorney fee provision.  *See id.*, Ex. 2 (Trust

4  Agreement for Pension Trust Fund § E) (providing that "[t]he Employer shall reimburse the

5  Trust . . . for all reasonable attorney's fees, audit and/or Employer compliance test fees, court costs,

6  collection agency fees, and all other reasonable expenses of whatever nature incurred in connection

7  with such suit or claim").[3]

8      In July and August 2009, Mr. Vigil submitted monthly reports reflecting that contributions

9  were owed for certain employees.  *See* Maraia Decl., Ex. 4 (monthly reports).  While Mr. Vigil

10  ultimately paid those contributions, following a demand by Plaintiffs, *see* Carroll Decl., Ex. 6

11  (demand letter), the payments were late, *i.e.*, not on the time specified in the Standard Form of

12  Union Agreement.  *See* Maraia Decl., Ex. 3 (computations reflecting that contributions were paid in

13  November 2009).  Furthermore, it appears that Mr. Vigil did not pay liquidated damages or interest

14  for the late contributions.  *See* Carroll Decl., Ex. 6 (demand letter).

15      In the pending motion for default judgment, Plaintiffs ask that Mr. Vigil be required to pay

16  liquidated damages, plus interest.  Plaintiffs also ask for their attorney fees ($555) and costs ($435).

17  *See id.* ¶¶ 2, 5.

18                      **II.    DISCUSSION**

19  A.    Adequacy of Service of Process

20      As a preliminary matter, the Court must first "assess the adequacy of the service of process

21  on the party against whom default is requested."  *Board of Trustees of the N. Cal. Sheet Metal*

22  *Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2,

23  2001).  Service of process on individuals is governed by Federal Rule of Civil Procedure 4(e).

24  Under Rule 4(e), an individual may be served according to the law of the state where the district

25  court is located – here, California.  *See* Fed. R. Civ. P. 4(e)(1).  Under California law, "substituted

26  ─────────────────

27      [3] Plaintiffs have provided a copy of the relevant provisions from the Trust Agreement for the
Pension Trust Fund only.  However, they have submitted a declaration which explains that the above

28  provisions are all contained in the Trust Agreements for the other Trust Funds.  *See* Maraia Decl. ¶ 4.

**United States District Court**
For the Northern District of California

1  service" on an individual is permissible pursuant to California Code of Civil Procedure § 415.20(b).

2  In the instant case, Plaintiffs assert that substituted service was properly effected on Mr. Vigil.  *See*

3  Docket No. 3 (proof of service).  During the October 13, 2010 hearing, the Court questioned

4  whether that service was sufficient under Cal. Code Civ. Proc. § 415.20(b), which permits substitute

5  service *if* "the summons and complaint cannot with reasonable diligence be personally delivered."

6  Cal. Code Civ. Proc. § 415.20(b).  Plaintiffs' counsel subsequently filed a supplemental

7  "Declaration of Due Diligence" regarding service, certification of service, and executed summons

8  with the Court.  *See* Docket Nos. 28, 30, 32.  The Court is satisfied that§ 415.20(b) was complied

9  with.

10  B.    *Eitel* Analysis

11        As noted above, Mr. Vigil's default was entered on January 13, 2010.  *See* Docket No. 7

12  (notice of entry of default).  In response to Plaintiffs' subsequent service and motion, the Clerk of

13  Court again issued a notice of entry of default against Mr. Vigil.  *See* Docket No. 36.  After an entry

14  of default, a court may grant a default judgment on the merits of the case.  *See* Fed. R. Civ. P. 55.

15  "The district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v.*

16  *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Factors that a court may consider in exercising that

17  discretion include:

18        (1) the possibility of prejudice to the plaintiff; (2) the merits of
      plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
19        the sum of money at stake in the action, (5) the possibility of a dispute
      concerning material facts, (6) whether the default was due to
20        excusable neglect, and (7) the strong policy underlying the Federal
      Rules of Civil Procedure favoring decisions on the merits.

21

22  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Because default has already been entered

23  in this case, the general rule is that "the factual allegations of the complaint, except those relating to

24  the amount of damages, will be taken as true."  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

25  917-18 (9th Cir. 1987).  *But see* Fed. R. Civ. P. 55(b)(2) (providing that a court may conduct

26  hearings when, to enter or effectuate a judgment by default, it needs to establish the truth of any

27  allegation by evidence).

28

1   Many of the above factors weigh in favor of default judgment.  For example, if the motion

2   for default judgment were to be denied, then Plaintiffs would likely be without a remedy.  *See*

3   *Walters v. Shaw/Guehnemann Corp.*, No. C 03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7

4   (N.D. Cal. Apr. 15, 2004) ("To deny plaintiff's motion [for default judgment] would leave them

5   without a remedy.  Prejudice is also likely in light of the merits of their claims."); *Pepsico, Inc. v.*

6   *Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default

7   judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").  Notably,

8   Plaintiffs made a demand on Mr. Vigil, *see* Carroll Decl., Ex. 6 (demand letter), but Mr. Vigil paid

9   only the contributions owed to the Trust Funds, and not any liquidated damages or interest.  In

10  addition, because Mr. Vigil has not filed an answer to Plaintiffs' complaint, there is little to suggest

11  that there is a possibility of a dispute concerning material facts, and it is unlikely that Mr. Vigil's

12  default was due to excusable neglect, especially when Plaintiffs served not only the summons and

13  complaint but also the request for entry of default and motion for default judgment on Mr. Vigil but

14  still received no response.  *See* Docket Nos. 5, 19 (proofs of service).

15  Finally, Plaintiffs have adequately stated a claim for relief.  Under ERISA, "every employer

16  who is obligated to make contributions to a multiemployer plan under the terms of the plan or under

17  the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law,

18  make such contributions in accordance with the terms and conditions of such plan or such

19  agreement." 29 U.S.C. § 1145; *see also id.* § 1132(a)(3) (authorizing, *inter alia*, a fiduciary to bring

20  a civil action to enforce an employer's § 1145 obligation).  As noted above, although Mr. Vigil did

21  not sign the new contract, he is bound thereby.  Plaintiffs have provided evidence establishing that

22  Mr. Vigil failed to comply with the terms and conditions of the agreements to which he is bound –

23  *i.e.*, by paying the contributions late and then by failing to pay the liquidated damages for the late

24  payments, plus interest.

25  Taking into account all of the *Eitel* factors, the Court concludes that, on the merits, the

26  motion for default judgment should be granted.

27  ///

28  ///

6

**United States District Court**
For the Northern District of California

C.      Damages and Other Relief

Because the Court concludes that default judgment is warranted, it must determine what damages or other relief is appropriate.  In the currently pending motion, Plaintiffs have asked for an award of liquidated damages, plus interest, and an award of fees and costs.  Plaintiffs have the burden of "proving up" their damages or the need for other requested relief.  *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.,* No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005) ("Plaintiff has the burden of proving damages through testimony or written affidavit.").

1.      Liquidated Damages

ERISA provides that, where a § 1145 claim results in a judgment in favor of the plan, then the court shall award, *inter alia*,

        (C)      an amount equal to the greater of –

                (i)      interest on the unpaid contributions, or

                (ii)      liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A) [*i.e.*, the unpaid contributions].

29 U.S.C. § 1132(g)(2)(C).

Plaintiffs request liquidated damages amounting to 20% of the contributions that were owed.  Yet the Trust Agreements specify damages as 10% of the delinquent amount, not 20%.  *See* Maraia Decl., Ex. 2 (Trust Agreement for Pension Trust Fund § III.C) (providing that liquidated damages shall be "the sum of $20.00 per delinquency or ten per cent (10%) of the amount which is delinquent, whichever is greater"); *see also id.* ¶ 3 (admitting to the 10% figure).  The Trust Agreements do provide that "[t]he Joint Board may adopt special rules applicable in cases of multiple delinquencies by an Employer" such as rules "[p]roviding for liquidated damages and interest up to the highest rate permitted under Section 515 of ERISA instead of any lower rate which would otherwise be applicable hereunder" *Id.*, Ex. 2 (Trust Agreement for the Pension Trust Fund § III.C).  And, as reflected above, the highest rate under ERISA is 20%.  But Plaintiffs provide no evidence that such a rule was actually adopted, nor do they explain why the Court should conclude

1    that such a rule would be applicable to Mr. Vigil, who was delinquent for only two months (July and

2    August 2009).

3         Therefore, the liquidated damages do not amount to $1,482.77 as Plaintiffs assert, but rather

4    $741.39 (*i.e.*, half of the 20% figure computed by Plaintiffs).

5         2.    <u>Interest</u>

6         As indicated above, ERISA provides not only for an award of liquidated damages, but also

7    an award of interest on the unpaid contributions.  "[I][nterest on unpaid contributions shall be

8    determined by using the rate provided under the plan, or, if none, the rate prescribed under section

9    6621 of the Internal Revenue Code of 1986 [26 U.S.C. § 6621]."  29 U.S.C. § 1132(g)(2).

10        As noted above, the Trust Agreements provide that "both the contribution and the liquidated

11   damages attributable thereto shall bear interest at a rate to be determined from time to time by

12   resolution of the Board and published to Contributing Employers beginning with the first day of the

13   month following the Due Date."  *Id.*, Ex. 2 (Trust Agreement for Pension Trust Fund § III.C).

14   Plaintiffs have provided evidence that the Board adopted a 15% annual rate.  *See* Carroll Decl. ¶ 8 &

15   Ex. 7 (minutes for Ways & Means Committee meaning).

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

United States District Court
For the Northern District of California

8

The Court has reviewed the calculations provided by Plaintiffs, *see* Maraia Decl. ¶ 9 & Ex. 3 (computations), and determined that they are correct. Accordingly, the Court recommends that Plaintiffs be awarded **$243.29** in interest.

| Month | Contributions Due | Contribution Due Date and Date Actually Paid | Days Late | Interest Due (15%) |
|---|---|---|---|---|
| July 2009 | $3,555.52 | 8/20/2009<br>11/16/2009 | 88 days | $128.48[4] |
| August 2009 | $1,969.38 | 9/20/2009<br>11/16/2009 | 57 days | $46.17[5] |
| July 2009 | $1,888.96 | 8/20/2009<br>11/16/2009 | 88 days | $68.64[6] |

3.      Attorney's Fees and Costs

Finally, Plaintiffs seek an award of attorney fees in the amount of $555 and costs in the amount of $435. *See id.* ¶¶ 2, 5. As a general matter, Plaintiffs' request is appropriate because, under ERISA, a fiduciary who successfully files an action to enforce § 1145 shall be awarded its reasonable attorney's fees and costs. *See* 29 U.S.C. § 1132(g)(2)(D). Attorney's fees and costs are also justified since the Standard Form of Union Agreement and Trust Agreements at issue contain fee provisions.

The Court has reviewed the declaration of Plaintiffs' counsel offered in support of the request for fees and costs. Plaintiffs seek compensation for 3 hours of attorney time, at an hourly rate of $185. *See* Carroll Decl. ¶ 5. In addition, Plaintiffs seek $435 in costs, representing the filing fee and the cost of service of process. *See id.* ¶ 2. Because these fees and costs are reasonable, the Court recommends that they be awarded.

---

[4] ($3,555.52 x 15%) ÷ 365 days = $1.46 per day. $1.46 x 88 days = $128.48.

[5] ($1,969.38 x 15%) ÷ 365 days = $0.81 per day. $0.81 x 57 days = $46.17.

[6] ($1,888.96 x 15%) ÷ 365 days = $0.78 per day. $0.78 x 88 days = $68.64.

United States District Court
For the Northern District of California

**III.    RECOMMENDATION**

For the reasons stated above, the Court hereby recommends that Plaintiffs' motion for default judgment be granted.  More specifically, the Court recommends that:

(1)    Plaintiffs be awarded $741.39 in liquidated damages;

(2)    Plaintiffs be awarded $243.29 in interest; and

(3)    Plaintiffs be awarded fees in the amount of $555 and costs in the amount of $435.

Plaintiffs are ordered to serve a copy of this report and recommendation on Mr. Vigil.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.


Dated:  March 8, 2011


_____
EDWARD M. CHEN
United States Magistrate Judge